Thomas H. Moody, administrator, plaintiff in error, *vs.* William B. Metcalf *et al.*, defendants in error.

1. Where complainants make the defendant their own witness by praying discovery, he is bound to relate the whole truth and to explain the entire transaction with which he is charged. All statements in his answer, to this end, are responsive to the bill.

2. The court should always confine itself to its appropriate functions on the trial of cases, by an impartial administration of the law applicable to the facts before it, and leave the jury to perform their appropriate functions, without any indication as to what it may think their verdict should be, or what may be its opinion of the evidence, or the credibility of the witnesses.

Equity. Discovery. Charge of court. Before Judge Bartlett. Morgan Superior Court. September Term, 1873.

This case is sufficiently reported in the decision.

REESE & REESE ; J. J. FLOYD, for plaintiff in error.

A. G. & F. C. FOSTER, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant, as administrator of John L. Moody, deceased, for relief and account. The defendant, in his answer, set up title in his own right to nearly all the property of which his intestate was in possession at the time of his death, claiming the same under deeds of conveyance alleged to have been executed and delivered to him by the intestate in his lifetime. The complainants alleged in their bill that if the defendant claims title to the property under any papers or evidence thereof in his possession, he came by the same by finding them amongst the papers of the deceased, which had never been delivered nor intended to be delivered, and were, in law, nothing but escrows, with a prayer for discovery as to the several matters charged in complainant's bill. The main question in controversy at the trial was as to the delivery of the deeds by the intestate to the defendant, under which he claimed title to the property. There was a good deal of evidence in relation to that question, as well as to the possession and dominion of the property, the giving it in for taxes, etc. The jury, under the charge of the court, found a verdict in favor of the complainants. The defendant made a motion for new trial on the several grounds set forth therein, which was overruled by the court; and the defendant excepted.

1. One of the grounds of error alleged is, that the court charged the jury that such parts of the defendant's answer as were in relation to the execution and delivery of the deed and bills of sale, were not responsive to the charges of complainants' bill, and, therefore, were not evidence before the jury, and were not to be considered by them in making up their verdict. The complainants charge, in their bill, that the defendant took possession of the whole estate of the intestate, and had himself

appointed administrator of the same; that he has failed to have the same appraised only in a very small amount; that he claims the same under some pretense; and also charge, that if any paper, or other evidences, are in his possession, he came by them by finding them amongst the papers of deceased, the same never having been delivered, nor intended to be delivered, and were, in law, nothing but escrows.  The prayer of the complainants' bill is, that the defendant make full, true and perfect answers, upon his corporal oath, to all the matters and things charged and set forth therein, and specially interrogates him in relation thereto.   The defendant's answer to this charge, and in explanation of his taking possession of the property, and of the nature of the papers under which he pretends to claim the same, and how he came by them, for the purpose of showing the same were not escrows, but were in his possession, and delivered to him by the intestate, was responsive to the charge made in complainants' bill, according to the ruling of this court in *Eastman vs. McAlpin*, 1 *Kelly's Reports*, 170.   The complainants made the defendant their own witness to answer the charges made against him, and he was bound to answer those charges fully; not to tell a part of the truth in relation thereto, but 'the *whole truth;* in other words, to explain the whole transaction with which he was charged in the complainants' bill.

2. In looking through the charge of the court to the jury, in view of the evidence in the record we are satisfied the case was not fairly submitted to the jury, so far as the defendant was concerned.   The charge of the court was one-sided—that is to say, it gave an undue weight to the evidence of the complainants over that of the defendant, throughout the entire charge, and especially in that part of it in relation to the declarations of the intestate when in possession of the property, that it belonged to his son, and his controlling the property up to the time of his death, to-wit: "I give you this in charge, gentlemen, upon the principle that acts speak louder than words."   As before remarked, the main question in the case was whether the deeds under which the defendant claimed

title to the property had been delivered to the defendant by the intestate? Did the defendant have possession of them in the lifetime of the intestate? It was the duty of the court to have charged the jury what would constitute a delivery of a deed under the law, and then to have left the question with them to find whether there had been a delivery of the deeds under the evidence. The court should always confine itself to its appropriate functions, on the trial of cases, by an impartial administration of the law applicable to the facts before it, and leave the jury to perform their appropriate functions without any indication from the court as to what it may think their verdict should be, or what may be its opinion of the evidence or the credibility of the witnesses.

. Let the judgment of the court below be reversed.